UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE L. MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:05-cv-98 |
| | ) |
| v. | ) Honorable Gordon J. Quist |
| | ) |
| WEST SHORELINE CORRECTIONAL FACILITY et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### **Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the West Shoreline Correctional Facility. In his *pro se* complaint, he sues the West Shoreline Correctional Facility and the following West Shoreline employees: Officer (unknown) Schmiege, Assistant Resident Unit Manager (unknown) Gibbs, Officer (unknown) Ackerman, Assistant Deputy Warden (unknown) Wells, Warden Mary Berghuis,

Grievance Coordinator Doug Scott, and an unknown party named as "civilian who works in the property room."

Plaintiff's complaint concerns the seizure of his television set. Plaintiff makes the following factual allegations (recited verbatim):

> C/O M. Schmiege shook my house down, and took my television and stated that my television was altered and stated that it appears my number or other number had been sanded out. Also M. Schmiege stated that my number was never engraved or burned in as in the practice with facility property room. C/O Schmiege stated the serial number was affixed to the back of the television with scotch tape. ADW Wells went along with this officer report. The Warden Mary Berghuis went along with C/O Schmiege report. C/O Schmiege wrote the report up as 049 possession of contraband. I ask ARUM Gibbs to call Cotton Correctional Facility to get it verify that I brought the television when I was incarcerated at Cotton Correctional Facility. ARUS or RUM Mrs. Wagner will verify to that. After me showing proof of my disbursement form to C/O Schmiege, Mrs. Gills C/O Ackerman property room office ADW Wells I still couldn't receive my television back. I never received a notice of intent nor was a hearing with the notice of intent ever held.

Plaintiff seeks the return of his television, as well as monetary damages to compensate him for loss of use.

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). [1]

The Michigan Department of Corrections provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Plaintiff alleges that he filed a grievance and pursued it to Step III. However, Plaintiff does not allege or show that he grieved his claims against each of the named Defendants. Petitioner, therefore, fails to satisfy the exhaustion requirement. *Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2. Even if Plaintiff included some of the named Defendants in his

---

[1] To assist prisoners in meeting these requirements, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint or to provide an affidavit describing the specific issues raised in the grievance and the individuals grieved. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

grievance, his action would be subject to dismissal pursuant to the "total exhaustion rule." *See Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005) (a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

       A Judgment consistent with this Opinion will be entered.


Dated: July 21, 2005                                                                   /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE